**UNITED STATES of America,**
**Appellee,**

v.

**Richard MORENO, Defendant–**
**Appellant.**

**Docket No. 02–1508.**

United States Court of Appeals,
Second Circuit.

March 28, 2003.

Cecil C. Scott, Assistant United States Attorney for the Eastern District of New York, Brooklyn, NY, on Submission for Appellee.

Barry Gene Rhodes, Brooklyn, NY, on Submission for Appellant.

Present: FEINBERG, F.I. PARKER, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said district court be and it hereby is AFFIRMED.

Defendant-appellant Richard Moreno appeals the district court's August 20, 2002 judgment convicting him, after a jury trial, of forcibly assaulting, resisting, opposing, impeding, intimidating or interfering with Deputy United States Marshals while they were engaged in the performance of their official duties, in violation of 18 U.S.C. § 111(a)(1). Moreno was sentenced, among other things, to 12 months of incarceration, to run consecutively to a 327–month sentence imposed in a separate case. He is currently incarcerated.

On appeal, Moreno argues that the district court erred by instructing the jury that spitting in another person's face could constitute forcible assault. We decline to consider the merits of this argument, because Moreno waived his right to appeal this issue. *See United States v. Olano*, 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (distinguishing "forfeiture" of a claim, which results from failure to assert the claim in a timely fashion, and which does not prevent an appellate court from reviewing the claim for plain error, from "waiver," which is the "intentional relinquishment or abandonment of a known right," and which permanently extinguishes the right to raise the claim).

The district court gave the instruction Moreno now challenges in response to a question from the jury. During their deliberations, the jury sent out a note that asked, among other things, whether "spitting [is] considered an assault." The district court, after seeking comments from both the government's and defense counsel, took a brief recess to research the issue. The court then gave both counsel copies of the cases it had found, and the instruction it intended to give the jury. After reviewing both the proposed instruction and the cases the district court relied upon, defense counsel explicitly agreed that the proposed instruction was satisfactory. By agreeing that the instruction was satisfactory, defense counsel waived the right to challenge the instruction on appeal.

We note that even if defense counsel had objected to the jury charge, permitting appellate review for plain error, *see id.* at 731, we would not find plain error here-the jury instruction as a whole was not so

misleading as to have affected the outcome of the trial. *See id.* at 734.

For this reason, the judgment of the district court is AFFIRMED.